IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY ALICE DORSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 04-0209-BH-B |
| OCWEN FEDERAL BANK FSB, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action is before the Court on two remaining motions filed by the plaintiff, Mary Alice Dorsey: (1) a motion for the entry of final judgment (Doc. 76) which is predicated on both her previous acceptance (Doc. 62) of an Offer of Judgment filed by Defendant Moss Codilis, L.L.P. ("Moss Codilis") on January 14, 2005 (Doc. 55) and on her settlement of the remaining claims against Defendant Ocwen Federal Bank, FSB (Doc. 77); and (2) a motion (Doc. 79) for an award of attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). Upon consideration of these motions, Moss Codilis's opposition to the amount of fees sought by the plaintiff (Doc. 86), and all other pertinent portions of the record, the Court

concludes that a final judgment in plaintiff's favor against Moss Codilis for $1,000.00[1] is due to be entered but that an appropriate award of fees in this case is only $5,000.00.

The Court specifically concludes that the fees and expenses actually sought by the plaintiff is this case, namely $25,890.71, are clearly excessive under the circumstances and certainly unjustified to the extent they seek compensation for duplicitous hours between co-counsel, hours or expenses incurred subsequent to plaintiff's acceptance of Moss Codilis's offer of judgment on January 24, 2005, and hours incurred in relation to matters solely involving the co-defendant, Ocwen Federal Bank, FSB.  Nor can the Court accept plaintiff's contention that her case involved "complex legal issues and complicated fact situations."  Plaintiff's Brief (Doc. 82) at 1.  In point of fact, the essence of Dorsey's claims against Moss Codilis was simply three letters dated February 19, 2003, March 25, 2003, and April 4, 2003, and, as early as June 15, 2004, Dorsey had enough evidence to establish that they were sent in violation of the FDCPA.[2]  In addition to the questionable

---

[1] The Fair debt Collection Practices Act ("FDCPA") allows a debtor to recover actual damages suffered as a result of the breach, plus statutory damages capped at $1,000 per case – not per violation.  15 U.S.C. § 1692k(a)(1) and (2).  *See also*, *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992)("The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt [and] [b]ecause Congress instead chose to write that additional damages would be limited to $1,000 per "action," we agree. . .that "the plain language of section 1692k(a)(2)(A) provides for maximum statutory damages of $1,000.").  Upon review of the record in this case, the Court must agree that, except for a highly suspect mental anguish claim,  Dorsey has conceded that she suffered no actual harm as a result of the three letters at the heart of her claim against Moss Codilis.  Accordingly, Dorsey accepted Moss Codilis's offer of a judgment for $1,000.00.  *See,* Doc. 62.

[2] On June 15, 2004, Ocwen Federal Bank produced to Dorsey a collection log which established that Marcus Robinson, the Moss Codilis employee who later wrote two of the letters about which Dorsey complained, was contacted by an attorney on Dorsey's behalf.  The FDCPA generally

hours claimed by plaintiff's counsel, the Court finds insufficient evidence in the record to support an award based on fees charged at $250 per hour and $175 per hour for counsel, respectively.  In contrast, the Court concludes that a fee of $5,000.00 for all the hours and expenses incurred is appropriate under all the circumstances of this case.

It is therefore **ORDERED** that plaintiff's motion for an award of attorneys' fees be and is hereby **GRANTED** only to the extent that plaintiff is awarded $5,000.00 for such fees, and otherwise **DENIED**.

It is **FURTHER ORDERED** that plaintiff's motion for a final judgment as to Moss Codilis be and is hereby **GRANTED** in that **JUDGMENT** now be entered in favor of the plaintiff, Mary Alice Dorsey, and against the defendant, Moss Codilis, L.L.P., in the amount of $1,000.00 plus fees in the amount of $5,000.00, for a total of $6,000.00, said judgment to bear interest at the legal rate of 3.90% from the date of judgment.

As a housekeeping matter, it is also **ORDERED** that, pursuant to the notice of settlement filed by the plaintiff on May 31, 2005 (Doc. 77), this action with respect to defendant Ocwen Federal Bank, FSB, be and is hereby **DISMISSED with prejudice**.

**DONE** this 17th  day of August, 2005.

                                                                                    s/ W. B. Hand                 
                                                                           SENIOR DISTRICT JUDGE

---

prohibits a debt collector from communicating directly with a debtor whom the debt collector knows is represented by an attorney.  15 U.S.C. § 1692c(a)(2).